542 P.2d 822

**STATE of Arizona, Appellee,**

v.

**Donald Wesley GATES, Appellant.**

**No. 1 CA–CR 1104.**

Court of Appeals of Arizona,
Division 1, Department A.

Nov. 25, 1975.

Rehearing Denied Feb. 24, 1976.

See —— P.2d ——.

Review Granted March 16, 1976.

**242**

Bruce E. Babbitt, Atty, Gen. by William J. Schafer, III, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

1. The statute which forms the basis of A.R.S. § 13–981 was originally passed in 1923. The statute defining public offense was passed in 1901. Thus, the legislature may be presumed

## OPINION

FROEB, Judge.

Appellant was charged with a violation of A.R.S. § 13–981 which reads:

A person who wears a mask or personal disguise, complete or partial, with intent to disturb, annoy, alarm or intimidate any person, or for the purpose of escaping detection or identification in the commission of a public offense, or for the purpose of evading arrest, is guilty of a felony.

In particular, the information alleged that appellant wore a mask for the purpose of escaping detection or identification in the commission of a public offense, namely, indecent exposure. After a jury trial, he was convicted and sentenced to serve not less than five nor more than seven years in the state prison.

On appeal, appellant raises four issues:

1. Whether a conviction under A.R.S. § 13–981 requires proof that appellant committed a *felony* while wearing a mask;

2. Whether there was substantial evidence to support appellant's conviction;

3. Whether the trial judge erred in failing to give a specific intent instruction for the crime of indecent exposure;

4. Whether admission of appellant's statement regarding prior acts of indecent exposure was error.

■ First, appellant claims that conviction under A.R.S. § 13–981 requires proof that defendant committed a *felony* while wearing a mask. Since indecent exposure is a misdemeanor, A.R.S. § 13–531, appellant claims he was charged under the wrong statute. Appellant concedes the definition of a public offense includes a misdemeanor. A.R.S. § 13–101, 103; *Territory v. West,* 4 Ariz. 212, 36 P. 207 (1894).[1] Thus, the express language of

to have been aware of the definition of public offense at the time of adopting A.R.S. § 13–981.

the statute encompasses the commission of a misdemeanor.

Nonetheless, appellant argues that the legislative intent of A.R.S. § 13–981 requires this court to substitute the word "felony" for "public offense" because a companion statute, A.R.S. § 13–983, encompasses misdemeanors while wearing a mask. He therefore concludes that A.R.S. § 13–981 must refer only to felonies. A.R.S. § 13–983 provides:

> An act which would otherwise be a misdemeanor, if committed by a person wearing a mask or personal disguise, whether complete or partial, is a felony.

■ While it is plain there may be some overlap in the two statutes, that fact alone would not prevent prosecution under A.R.S. § 13–981. One does not exclude the other. We see that in general § 13–981 makes felonious certain conduct by one who is wearing a mask (which conduct may or may not otherwise violate another criminal statute), whereas § 13–983 is a punishment augmentation statute elevating a misdemeanor (defined elsewhere in the statutes) to a felony where the offender wears a mask.

We, therefore, reject appellant's argument that A.R.S. § 13–981 applies only to felonies committed while wearing a mask.

Appellant's second ground for appeal is that the evidence does not support a finding of indecent exposure. A.R.S. § 13–531 provides:

> A person is guilty of a misdemeanor who wilfully and lewdly exposes his person or the private parts thereof in any public place or in a place where there are present other persons to be offended or annoyed thereby.

■ Thus, in order to support the finding of indecent exposure, four elements must be present: (1) the appellant must expose his person or private parts; (2) the exposure must be done wilfully; (3) the exposure must be done lewdly, and (4) the exposure must be committed in a public place or in a place where there are other persons present to be offended or annoyed thereby.

In the current case, while one Mrs. Morrison was washing her clothes at a public laundromat, she saw appellant run by as he was going down a public street. Although she did not see his genitals, she saw that his buttocks were bare. She later told the police officer that appellant was "naked." Officer Harden, who was across the street, testified that appellant was nude from the waist to about his knees. Finally, appellant was apprehended shortly after being seen by Mrs. Morrison and Officer Harden. At that time the officers observed that he was wearing a pair of leotards or pantyhose with the crotch area cut out. Accordingly, there is no doubt that appellant exposed his private parts.

Second, appellant admitted that he went to the laundromat to expose himself. Thus, there is no question that appellant's act was done wilfully.

Third, appellant's attire was such that it was calculated to draw attention to his genital area and thus could be found by the jury to be lewd.

■■ Finally, there can be little doubt that the laundromat and the public street are a "public place" within the meaning of the statute. Since the statute is phrased in the disjunctive, there is no specific requirement that a person be annoyed or offended by appellant's behavior so long as the act was performed in a public place. In any event, there is evidence in the record that the witness, Mrs. Morrison, was annoyed and disturbed by the appellant's conduct, thus satisfying the alternate provision of the statute.

■ Accordingly, there was sufficient evidence to satisfy all the elements of the crime of indecent exposure and support appellant's conviction.

■■ For his third ground on appeal, appellant claims that the trial court erred in failing to give a specific intent instruction for the crime of indecent exposure. However, appellant did not request such an

**244**

instruction, nor did he object to the instruction as given. An error in failing to give an instruction can be raised for the first time on appeal only where the prejudice caused thereby is of a fundamental nature which goes to the foundation of the case or which takes from the defendant a right essential to his defense. *State v. Wheeler*, 108 Ariz. 338, 498 P.2d 205 (1972); *State v. Pulliam*, 87 Ariz. 216, 349 P.2d 781 (1960); Arizona Rules of Criminal Procedure, Rule 21.3(c). Appellant offered no evidence or argument at trial that he did not expose himself intentionally. In fact, he admitted that he went to the laundromat for the purpose of exposing himself. Accordingly, the specific intent of appellant was not an issue in the case and there is, therefore, no prejudice shown which would require this court to review the instruction issue when it was not presented to the trial court. It follows then that we do not reach the question of whether A.R.S. § 13–531 required instructions concerning specific intent beyond those given by the court.

 For his final ground on appeal, appellant claims it was error for the trial court to admit testimony concerning a prior act of indecent exposure. Appellant told the arresting police officer that in the early part of September (the offense for which appellant was convicted in this case took place on September 24), he exposed himself to two girls in the same laundromat. He also told the officers that he was dressed on that occasion in the same fashion as he was on the night of the offense in this case. Generally, evidence of similar offenses is not admissible. However, in the case of sex crimes, the court has admitted evidence of similar offenses to show the accused's propensity toward sexual aberration. See *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973). Thus, in this case, it was not error to admit testimony concerning the prior offense into evidence.

For the foregoing reasons, the judgment is affirmed.

OGG, P. J., and DONOFRIO, J., concur.

### ADDENDUM

It has come to our attention, and we thus note for the record, that the Arizona indecent exposure statute, A.R.S. § 13–531, has recently been found unconstitutional by a three-judge panel of the United States District Court for Arizona (*Attwood v. Purcell*, 402 F.Supp. 231, 1975). We cannot, however, conclude what effect, if any, the District Court decision may have upon the conviction of the appellant in the current case. We, therefore, file our opinion without consideration of the decision.