704 P.2d 272

**The STATE of Arizona, Appellee,**

v.

**Thomas Peter SPENCE, Appellant.**

**No. 2 CA–CR 3598.**

Court of Appeals of Arizona, Division 2, Department A.

May 8, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Phoenix, for appellee.

O'DOWD, BURKE & LUNDQUIST by Bruce A. Burke and Karen E. Allen, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of two counts of molesting his stepdaughter, was sentenced to concurrent prison terms of seven years each. The victim, who was fourteen at the time of trial, testified that appellant began molesting her when she was four years old. The molestations consisted, inter alia, of sexual intercourse at least once per week. This conduct continued until 1982, when the victim had attained 12 years of age. The reason it stopped was that the victim threatened to tell her mother if appellant did not stop molesting her. The victim finally did tell her mother in June 1983. The molestations which were the subjects of the two counts upon which appellant was convicted occurred in 1981 and 1982.

144

Appellant contends that the trial court committed reversible error in allowing evidence of prior bad acts which occurred more than ten years earlier and further committed reversible error by admitting his taped confession. We do not agree and we affirm.

■ In those cases in which the offense charged involves the element of abnormal sex acts such as sodomy, child molesting, lewd and lascivious acts, etc., there is sufficient basis to accept proof of similar acts *near in time* to the offense charged as evidence of the accused's propensity to commit such perverted acts. *State v. McFarlin,* 110 Ariz. 225, 517 P.2d 87 (1973). The *McFarlin* rule admitting such acts was clarified in *State v. Treadaway,* 116 Ariz. 163, 568 P.2d 1061 (1977), wherein the court held that where the act is not similar in nature to that charged or where it is remote in time to the crime charged (three years or more) the prior act is not admissible unless there is reliable expert medical testimony that such prior act tends to show a continuing emotional propensity to commit the crime charged. However, as was stated by the court in *State ex rel. LaSota v. Corcoran,* 119 Ariz. 573, 583 P.2d 229 (1978), reliable expert medical testimony is not always required before a prior act may be admitted pursuant to the emotional propensity exception. It is only when there is a remoteness problem that such expert medical testimony is necessary.

■ The reason for requiring the other, uncharged sex acts to have been committed near in time to the offense charged is to ensure that the emotional propensity, the reason for allowing the other acts into evidence, was in existence when the crime was committed. In other words, a character trait is being used to prove that the defendant committed the instant offense. As one goes further back in time, the predictive value of the other acts diminishes. However, we do not have a remoteness problem in this case. Although the original act of molestation against the victim occurred

when she was four years old, there never was a break in appellant's conduct. It continued incessantly until the instant crimes were committed. Under such circumstances there is no remoteness problem and no medical testimony is required.

At the hearing on the motion to suppress appellant's two statements made to the police, Officer Seligman testified that she first spoke to appellant on July 6, 1983. Appellant had come to the police station at the request of the police. He was given and waived his *Miranda* rights. Officer Seligman testified that she did not threaten appellant. After making his first statement, appellant was arrested and jailed.

Several hours later, at appellant's request, Officer Seligman returned to his cell and took a second taped statement. It is the second taped statement that appellant contends was involuntarily made. Officer Seligman testified that when she spoke with appellant the second time he was very depressed, nervous and upset. The issue on the voluntariness of the second statement was whether or not Officer Seligman had made any promises to appellant in order to secure his statement. Appellant testified that Officer Seligman told appellant about the Parents United program and the possibility of probation if he got into the program. Officer Seligman testified that she did make statements to appellant about the program, but these were made after he had made his second statement.

Appellant also testified that he had called Officer Seligman to his cell because he had asked God for forgiveness and wanted to be as honest as he could. Toward the end of his second taped statement, appellant agreed that he had not been promised anything.

■ Confessions are prima facie involuntary and the burden is upon the state to show that a confession is freely and voluntarily made. *State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1975). A confession, to be free and voluntary within the meaning of the Fifth Amendment to the United States Constitution, must not have been obtained by any direct or implied promise,

however slight. *State v. McFall,* 103 Ariz. 234, 439 P.2d 805 (1968). A determination by the trial court that a confession is voluntary will not be disturbed on appeal in the absence of clear and manifest error. *State v. Hensley,* 137 Ariz. 80, 669 P.2d 58 (1983). The trial court apparently believed Officer Seligman when she testified that she had been taught never to make any promises to anybody prior to taking a statement and she did not do so in this case. We do not believe that the trial court erred in believing Officer Seligman and disbelieving appellant.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.