726 P.2d 227

**The STATE of Arizona, Appellee,**

v.

**Daniel Leon BECK, Sr., Appellant.**

**No. 2 CA–CR 4216–2.**

Court of Appeals of Arizona, Division 2, Department A.

May 22, 1986.

Review Denied Oct. 7, 1986.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Daniel F. Davis, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was found guilty by a jury of one count of incest in violation of A.R.S. § 13–3608, a class 4 felony. He was sentenced to an aggravated term of five years.

This case originated as an investigation by Child Protective Services (CPS) based on information disclosed by appellant's 15–year–old son. Appellant's son had told his teacher and later his school counselor that he was angry because his father and his adult sister were having a "sexual affair." A CPS investigator and a Tucson Police Department detective interviewed appellant's son. At first, he refused to testify outside of his father's presence. The officers then took the boy to see his mother. Shortly thereafter, while in his mother's presence, appellant's son gave a taped statement detailing the alleged offense. He told the officers that on January 15, 1984, less than two weeks earlier, he and his brother had awakened at night to hear voices, heavy breathing and bed movement sounds inside the bedroom that appellant shared with his adult daughter. When the boys opened the bedroom door, appellant and his daughter "jumped off the bed," and appellant's daughter stated: "That could be [appellant's son] spying on us." Appellant's son stated that the two slept together in the bedroom on most nights.

At trial, appellant's son recanted his accusation. He denied ever making statements to his teacher and school counselor and claimed to have told his story to investigators to avoid being placed in a foster home. He further testified that appellant's daughter slept in appellant's bedroom, but he denied hearing groans or a squeaking bed and said that appellant customarily slept on the living room floor. Moreover, he steadfastly denied that at any time in January 1984, he had awakened at night to hear the sounds described in his recorded statement.

Appellant's daughter gave birth to a full-term baby in June 1984, approximately five

months after the date of the alleged offense. Dr. Robert Williams, an expert on human genetics, tested blood samples drawn from appellant, appellant's daughter and the baby. He testified that the test results established within a 99.7% probability that appellant was the baby's natural father. Appellant's daughter had claimed a third party to be the father, but that was proven medically impossible.

Another minor, who had earlier lived in appellant's house but was not residing there at the time of the alleged offense, testified to various aspects of the relationship between appellant and appellant's daughter as she observed it while living there. The jury heard appellant's son's taped statement. Additionally, both investigators, as well as the son's teacher, were allowed to testify as to what the son had told them.

Appellant raises two issues on appeal: (1) the trial court erred in admitting the prior inconsistent statements of appellant's son for substantive purposes where those statements provided the only evidence that appellant's daughter had engaged in sexual intercourse on the date in question and (2) admission of evidence of the prior bad act of appellant constituted reversible error because it was offered to prove that he acted in conformity with the character suggested therein and created a substantial risk of unfair prejudice.

## I. PRIOR INCONSISTENT STATEMENTS

As appellant has alleged, the only substantive evidence of the alleged incest on January 15, 1984, were the prior inconsistent statements by appellant's son. Since his son denied that he had heard or observed any sexual conduct between appellant and appellant's daughter, without the admission of the prior statements, appellant would have been exonerated.

■ Appellant attacks the testimony of his son's teacher, the taped testimony and the testimony of the detectives. Appellant's attack is based on *State v. Allred,* 134 Ariz. 274, 655 P.2d 1326 (1982). In *Allred,* the Arizona Supreme Court reviewed the substantive use of prior inconsistent statements as substantive proof of the underlying charge. Such hearsay evidence is admissible pursuant to the hearsay exception contained in Rule 801(d)(1),[1] Rules of Evidence, 17A A.R.S. The evidence may be excluded, however, as prejudicial pursuant to Rule 403,[2] Rules of Evidence, 17A, A.R.S. In *Allred,* the court held that the admission of prior inconsistent statements as substantive evidence is to be handled on a case-by-case basis. The court must weigh the danger of unfair prejudice from admission of the prior inconsistent statement against its probative value.

The *Allred* decision does not stand for the proposition, as appellant alleges, however, that when prior inconsistent statements are the sole basis of the state's case, they may not be permitted into evidence. *State v. Moran,* 2 CA–CR 3827 (Filed Sept. 18, 1985). In *Allred,* the court cited a non-exhaustive list of five factors which may be viewed to determine the prejudicial effect of the statements. The court indicated that among the factors to be considered are: (1) the witness being impeached denies making the impeaching statement; (2) the witness presenting the impeaching statement has an interest in the proceeding and there is other

---

1. Rule 801(d)(1) states:
   "(1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him: ..."

2. Rule 403 states:
   "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

---

corroboration that the statement was made; (3) there are other factors affecting the reliability of the impeaching witness such as age or mental capacity; (4) the true purpose of the offer is substantive use of the statement rather than impeachment of the witness, and (5) the impeachment testimony is the only evidence of guilt. See also *State v. Thomas*, 148 Ariz. 225, 714 P.2d 395 (1986).

In the present case, only the last two of the five factors work against admission of the evidence. The first three factors are not present. While appellant's son did deny making the statement to his teacher, he did not deny making the statement to the officers. The impeaching witnesses, the teacher and the officers, do not have an interest in this case and there is other corroboration via the tape recording and the three witnesses. Therefore this is not the "swearing contest" prohibited by *State v. Cruz*, 128 Ariz. 538, 627 P.2d 689 (1981). The impeaching witnesses are not unreliable in terms of age or mental capacity. The true purpose of this offer of impeachment, however, is the substantive use of the statement, and the impeachment is the only evidence of guilt.

In *State v. Moran,* supra, we held, under similar circumstances where the witness does not deny making the statements and where the impeaching witness is competent and the statements are corroborated, Rule 403, Rules of Evidence, 17A A.R.S., does not require exclusion of the evidence due to its prejudicial effect. The statements in this case therefore were properly admitted and were sufficient to establish appellant's guilt.

Appellant argues that even if the officers' testimony is admissible, the testimony by his son's teacher violated Rule 403. His son denied making the statements to his teacher; therefore the statements may be viewed as uncorroborated. However, since the teacher's testimony was cumulative, even if it was prejudicial, the error, if any, was harmless.

## II. PRIOR BAD ACTS

Appellant argues that admission of evidence establishing other incidents of incest with the same adult daughter constituted prejudicial error. Rule 404(b), Rules of Evidence, 17A A.R.S., provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Therefore, the general rule is that any prior crimes or related incidences are not admissible in evidence to show action in conformity with the defendant's character. There are, however, exceptions to the general rule.

An exception to the rule forbidding use of prior bad acts arises where prior bad acts tend to prove an emotional propensity for sexual deviance when one is charged with an offense of sexual deviance. *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973). The *McFarlin* court stated:

"In those cases in which the offense charged involved the element of abnormal sex acts such as sodomy, child molesting, lewd and lascivious, etc., there is sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts. The 'emotional propensity' exception is limited to those cases involving sexual aberration, but this is not to say that other exceptions to the exclusionary rule cannot be used." 110 Ariz. at 228, 517 P.2d at 90.

*Udall* and *Livermore* state in Law of Evidence (2d ed.) S84 (1982), that the abuse exception has usually been limited to prosecutions for sexual activity with children. Appellant argues, therefore, that incest with an adult daughter does not constitute an emotional propensity for sexual aberration. We disagree.

■ While it is true that in most cases this exception has been applied to acts concerning children, that is not the universal rule. In *State v. Gates*, 25 Ariz.App. 241, 542 P.2d 822 (1975), opinion approved by 118 Ariz. 357, 576 P.2d 1357 (1978), Division One of this court found that indecent exposure to other adults fit within the ambit of the emotional propensity rule. We do not find incest any less sexually aberrant than indecent exposure, albeit the converse may be true. An aberration is a deviation from proper normal or typical course. American Heritage Dictionary of the English Language (1969). Incest certainly fits within that definition.

■ A second exception to the general rule that excludes prior bad acts is that the acts demonstrate a common scheme or plan. Arizona courts have long held that repeated acts of incest with the same party may constitute evidence of a common scheme or plan and therefore evidence as to other acts of incest with that party are admissible under Rule 404(b). *State v. Jerousek*, 121 Ariz. 420, 590 P.2d 1366 (1979); *State v. Haston*, 64 Ariz. 72, 166 P.2d 141 (1946); *Power v. State*, 43 Ariz. 329, 30 P.2d 1059 (1934). Appellant's prior bad acts were sufficiently similar and close in time to fall within this exception to the general rule. See *State v. Spence*, 146 Ariz. 142, 704 P.2d 272 (App.1985).

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.