875 P.2d 184

**STATE of Arizona, Appellee,**

v.

**Antonio Silva NEVAREZ, Appellant.**

**No. 1 CA–CR 92–0738.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 28, 1993.

Review Denied June 21, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Colleen L. French, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EHRLICH, Judge.

Antonio Silva Nevarez ("defendant") was found guilty of child molestation, a class two felony and dangerous crime against children in the first degree. He appeals his conviction and the sentence imposed, arguing that statements of the victim to the police which were inconsistent with the victim's trial testimony should not have been admitted into evidence and also that his presentence incarceration credit was miscalculated. For the following reasons, we affirm the judgment of guilt and the sentence as modified.

### FACTS

In the early morning of May 18, 1991, in response to a report of a child molestation in progress, officers of the Surprise Police Department arrived at the defendant's residence, where they observed the defendant and his wife arguing on the front lawn. The defendant, his wife and his ten-year old step-daughter were taken to the police station and interviewed. The defendant's wife told the officers that she had called the police upon finding the defendant straddling her daughter on the child's bed with his sweat pants pulled below his penis and the girl naked on the lower half of her body. The defendant had told his wife that he was having sex with the girl since his wife had refused him and that he had done so the previous night as well.

Two officers separately interviewed the victim at the police station. When asked if her stepfather had ever touched her in a way she did not like, the girl said that he had come into her bedroom the night before, gotten on top of her, pulled her underwear off, then taken his "weenie" out and rubbed it against her "pee pee" and her "butt." She also told the officers that the same thing had happened between her and the defendant twice during the preceding February and twice again during the preceding November.

The defendant confessed to everything that the victim had described. At trial, however, both the victim and her mother denied their prior statements to the police. The officers were recalled to testify regarding the inconsistent statements made by the victim and her mother on the night of the defendant's arrest.

The jury found the defendant guilty of child molestation. The defendant was sentenced to a mitigated, twelve-year term, without possibility of release until the sentence is served and with credit for 351 days of presentence incarceration.

Two issues are presented for this court's review: Whether the trial court erred in permitting the state to introduce testimony of the victim's prior inconsistent statements to the police and whether it erred in the computation of the defendant's presentence incarceration credit.

### DISCUSSION

*Victim's Prior Statements*

Arizona Rule of Evidence ("Rule") 801(d)(1)(A) permits admission of a witness' out-of-court statements when her trial testimony is inconsistent with those statements. The defendant concedes that the victim's trial testimony was contradictory to the statements she had given the police. He contends, however, that the trial court erred in permitting testimony regarding her state-

ments because the prejudicial value of those statements as substantive evidence outweighed the probative value. *See* Ariz. R.Evid. 403.

■ Decisions regarding the relevance and admissibility of evidence lie within the sound discretion of the trial court. *State v. Bible*, 175 Ariz. 549, 576, 858 P.2d 1152, 1179 (1993). In this case, in considering whether to allow the state to present testimony of the victim's prior inconsistent statements, the court utilized *State v. Allred*, 134 Ariz. 274, 277, 655 P.2d 1326, 1329 (1982), in which the supreme court recognized the danger of unfair prejudice when allowing impeaching statements to be used substantively and outlined factors for the trial court to weigh regarding admissibility.[1] Applying this analysis, the trial court found that the victim's prior statements to the police were reliable and extremely relevant. While she claimed not to have made the impeaching statement, the court believed that the victim's loss of memory was feigned and that, although the true purpose of the offer was substantive, the probative value of this evidence outweighed its prejudicial effect. The court made the appropriate inquiry and we find no abuse of its discretion.

■ The defendant further contends that, in applying *Allred*, the court should have found that the impeaching witnesses in this case were interested witnesses by virtue of their role as investigating police officers. We reject that argument. A police officer is not per se "interested" merely by virtue of his involvement in the criminal investigation, absent evidence of some personal connection with the participants or personal stake in the outcome of the case. *See State v. Beck*, 151 Ariz. 130, 133, 726 P.2d 227, 230 (App.1986) (investigating detectives called as impeaching witnesses in incest case had no "interest" under *Allred* analysis); *cf. State v. Small*, 20 Ariz.App. 530, 532–34, 514 P.2d 283, 285–87 (1973) (examination of police deputy regard-

ing personal interest proper when evidence showed that defendant previously had injured deputy's friend); *State v. Aldrich*, 75 Ariz. 53, 60, 251 P.2d 653, 657 (1952) (examination of police officer as interested witness proper to solicit evidence that officer more than casual friend of victim who encouraged her to bring the charges). Here there was no showing that the investigating officers were personally involved with the participants or stood to gain from the outcome of the trial. To the contrary, the trial court specifically found that the officer "had no axe to grind" and that he had no interest in the case beyond his role as an investigator. The court properly determined that the officers in this case were not interested witnesses such as to be excluded from testifying.

■ The defendant also contends that the trial court could not rely on the defendant's confession as separate evidence of guilt under *Allred* because of "questionable" circumstances surrounding the confession, namely, the defendant's alleged inability to speak and understand English and the officer's almost exclusive use of leading questions. The court held a pretrial hearing to address the voluntariness of the defendant's confession at which the defendant appeared and testified. Upon observing the defendant, hearing his testimony and assessing his credibility, the court concluded that the defendant had made his confession freely and voluntarily and that he had understood his rights. It therefore permitted the confession to be used as evidence, *State v. Tapia*, 159 Ariz. 284, 288, 767 P.2d 5, 9 (1988), and it is not the function of this court to substitute its judgment for that of the trial court as the defendant wishes. *State v. Warner*, 159 Ariz. 46, 50, 764 P.2d 1105, 1109 (1988).

*Presentence Incarceration Credit*

■ The defendant has demonstrated, and the state concedes, that the trial court erred

1. Among the criteria to be evaluated by the trial court pursuant to *Allred* are the following: 1) the witness being impeached denies making the impeaching statement; 2) the witness presenting the impeaching statement has an interest in the proceeding and there is no other corroboration that the statement was made; 3) there are other factors affecting the reliability of the impeaching witness, such as age or mental capacity; 4) the true purpose of the offer is substantive use of the statement rather than as impeachment; 5) the impeachment testimony is the only evidence of guilt. 134 Ariz. at 277, 655 P.2d at 1329.

in its computation of his presentence incarceration credit. The defendant was imprisoned on the charge of which he was convicted from the date of his arrest, May 18, 1991, until his sentencing on May 4, 1992, and he is entitled to receive credit against his prison term for all of the time that he was incarcerated on this charge prior to sentencing. Ariz.Rev.Stat.Ann. section ("A.R.S. §") 13-709(B); *see also State v. Reynolds,* 170 Ariz. 233, 235, 823 P.2d 681, 683 (1992). Therefore, pursuant to A.R.S. § 13-4037, the defendant's sentence is modified to include 352 days of presentence incarceration credit instead of the 351 days originally ordered by the court.

We have reviewed the record for fundamental error pursuant to A.R.S. § 13-4035 and have found none. For the foregoing reasons, the conviction is affirmed and the sentence imposed is affirmed as modified.

TOCI, P.J., and NOYES, J., concur.