NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL LEE LONG, SR., *Appellant*.

No. 1 CA-CR 22-0603
FILED 12-12-2023

Appeal from the Superior Court in Coconino County
No. S0300CR201800612
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kevin M. Morrow
*Counsel for Appellee*

Griffen & Stevens Law Firm PLLC, Flagstaff
By Ryan J. Stevens
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

---

**P E R K I N S**, Judge:

¶1          Michael Lee Long Sr. appeals his convictions and sentences for child molestation, two counts of sexual conduct with a minor, and five counts of sexual assault. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          We use pseudonyms to protect the privacy of the victims and witnesses. Long and his wife, Kay, have three sons and one daughter. Jack, the oldest son, was born in January 1984. Ben, the youngest son, was born in April 1988.

¶3          When Jack was 11 years old, Long began sexually abusing him. Once while Jack was watching TV, Long approached him and started rubbing his back and leg. Long then undid Jack's pants and performed oral sex on Jack while touching himself. After Long had performed oral sex on Jack, Long told Jack that if he told anyone "not only would [Long] get in trouble, [Jack] would get in trouble, too."

¶4          Starting when Jack was 12 years old, Long performed oral and anal sex on Jack during their hunting trips. Long performed sexual acts on Jack at several other locations, including hotels, in the woods, and on houseboats. If Jack refused Long's sexual requests, Long would scream, yell, or beat Jack with a belt.

¶5          In 2000, Long started a boating repair business. The next year, when he turned 17 years old, Jack started working for Long's boating business. Long and his business partner would berate Jack at work, calling him "stupid and retarded all the time."

¶6          Long continued engaging in sexual conduct with Jack after he turned 18. When Jack was 23, and had moved out of Long's house, Long asked Jack to come over early one morning. Long led Jack to the bedroom where Jack's mother, Kay, was lying on the bed naked and blindfolded.

Long then demanded that Jack have sex with Kay, and Jack complied. Long also "became involved" in this sexual encounter with Jack and Kay.

**¶7**        Long also sexually abused his younger son, Ben. Once when Ben was "11 or 12" years old, Long asked Ben to come with him to a theater to watch the newly-released Star Wars movie. After the movie, Long took Ben to the boating business and performed anal sex on him. Long told Ben that he could not tell anybody "or it will be worse" for Ben. Long would also ask Ben to masturbate in front of him while driving to Flagstaff and when they were in houseboats together.

**¶8**        In 2015, Jack confronted Long about the abuse and quit his job at Long's boating business. Jack then told his sister and his aunt, Jessica, about Long's abuse. Against Jack's wishes, Jessica reported Long's abuse to the police. In early 2018, a detective worked with Jack to arrange a recorded phone call between Jack and Long. During the phone call, Long admitted to performing oral sex on Jack in the woods when he was 15 or 16 years old. Long said he did not remember performing anal sex on Jack, but he apologized and said that he "hate[s] everything about [himself]." Ben also confronted Long about the abuse and Ben recorded that phone call himself. Long acknowledged he cannot be around Ben's kids because of everything that happened and told Ben he "tried to kill [himself] over all this stuff."

**¶9**        Long was indicted for one count of child molestation (Count 1), three counts of sexual conduct with a minor (Counts 2–4), and five counts of sexual assault (Counts 5–9), with Jack as the victim. He was also indicted for one count of sexual conduct with a minor (Count 10), with Ben as the victim. The superior court dismissed Count 3 and Count 4 because the alleged conduct occurred when Jack was an adult.

**¶10**        Before trial, Long moved to sever the count with Ben as the victim from all other counts. But the court denied the motion because the alleged acts would be cross-admissible if the cases were severed.

**¶11**        The State moved to admit evidence of Long's multiple sexual other acts involving Jack, Ben, and other victims. After an evidentiary hearing the superior court admitted various uncharged sexual acts with Jack in the woods and hotels; testimony that Long made Ben masturbate in front of him multiple times during car rides; and testimony surrounding Long's participation and organization of the sexual act between Jack, Kay, and Long.

**¶12**        The State also moved to admit evidence of twelve other acts relating to Long's relationship with Jack and Ben. The court admitted only

three out of the twelve other acts, finding this evidence relevant to show why Jack and Ben did not report the alleged abuse earlier.

**¶13** The jury found Long guilty on all charges. The superior court sentenced Long to consecutive prison terms of 49.25 years' imprisonment and life with the possibility of release after 35 years. Long timely appealed.

## DISCUSSION

**¶14** Long challenges the validity of his conviction, arguing the superior court improperly failed to sever the counts with Jack as the victim from the count with Ben as the victim. He also argues the superior court improperly admitted uncharged other sexual acts and non-sexual other acts. Lastly, he argues the superior court erred by failing to enter a judgment of acquittal on the count with Ben as the victim.

### I. Severance

**¶15** Long argues that the sexual conduct with a minor charge against Ben (Count 10) should have been severed from the charges against Jack (Counts 1–9). He claims the superior court committed fundamental error by failing to make specific findings on cross admissibility as required by Rule 404(c)(1). Long neither re-urged his motion for severance at trial, nor did he object to the lack of specific findings on cross-admissibility, so we review only for fundamental error. *See* Ariz. R. Crim. P. 13.4(c); *State v. Flythe*, 219 Ariz. 117, 119–20, ¶¶ 4–5, 9–10 (App. 2008). An error by the superior court constitutes fundamental error only if the error generally goes to the foundation of a case, takes away an essential right of the defendant, or is so egregious that a defendant could not possibly have received a fair trial. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

**¶16** We read the joinder and severance rules together to determine whether the superior court committed fundamental error. *See State v. Kinkade*, 140 Ariz. 91, 93 (1984). Joinder is preferred in Arizona because it promotes judicial economy. *State v. Allen*, 253 Ariz. 306, 309, ¶ 56 (2022). And the superior court has broad discretion to deny severance absent a showing of compelling and unavoidable prejudice. *State v. Grannis*, 183 Ariz. 52, 58 (1995).

**¶17** Under Arizona Rule of Criminal Procedure 13.3(a)(1), offenses may be joined in an indictment or a complaint when they are of the "same or similar character." A defendant is entitled to severance of those offenses joined under this rule, except where "evidence of the other offense or offenses would be admissible if the offenses were tried separately." Ariz.

R. Crim. P. 13.4(b). This exception to of-right severance recognizes that "prejudice from a failure to sever is unlikely if the evidence of one crime would have been admissible in a separate trial for the others." *State v. Johnson*, 212 Ariz. 425, 430, ¶ 11 (2006) (cleaned up).

**¶18** Evidence of a defendant's other crimes may be admitted in sexual-offense cases to show that he "had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." Ariz. R. Evid. 404(c). But the superior court must make "specific findings with respect to" whether (1) the evidence of the other act "is sufficient to . . . find that the defendant committed the other act," (2) there is a "reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged," and (3) "the evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403." Ariz. R. Evid. 404(c)(1).

**¶19** Here, the superior court did not make the specific findings on admissibility as Arizona Rule of Evidence 404(c) ("Rule 404") requires. Instead, the court summarily found the charged acts "would be and are cross-admissible if the cases were severed." Long argues that the foundation of his defense was "completely undermined and prejudiced" by the jury's hearing from an additional victim that was not properly screened by the superior court. Long directs us to *State v. Aguilar*, which held that the superior court erred by admitting other act evidence based solely on the grand jury proceedings. 209 Ariz. 40, 49–51, ¶¶ 30, 33, 37–38 (2004).

**¶20** The State counters that the failure to make specific findings on the charged acts is not fundamental error when the superior court makes an adequate record that would support admission of the evidence. *See Trantor v. Frederikson*, 179 Ariz. 299, 300–01 (1994). Indeed, even under harmless error review, when the superior court fails to make specific findings for the admission of evidence, such an error is harmless when the record reflects that the requirements of admissibility were met. *See State v. Vega*, 228 Ariz. 24, 28–29, ¶¶ 17–18 (App. 2011).

**¶21** Here, the superior court did not rely on grand jury proceedings like in *Aguilar*. 209 Ariz. at 49–50, ¶ 33. Instead, it heard extensive testimony from witnesses that were subject to cross examination and considered the confrontation calls in which Long admitted to engaging in sexual conduct with his son when he was a minor. At trial, the superior court properly instructed the jury to consider each charged offense "separately on the evidence with the law applicable to it, uninfluenced by

your decision on any other count." *See State v. Miller*, 234 Ariz. 31, 38, ¶ 18 (2013). Juries are presumed to follow the superior court's instructions. *State v. Goudeau*, 239 Ariz. 421, 446, ¶ 67 (2016), *as amended* (July 15, 2016).

**¶22**      The record reflects sufficient evidence from which the superior court could find, by clear and convincing evidence, that Long committed the charged other acts and a reasonable basis to infer from those acts that Long had a character trait giving rise to an aberrant sexual propensity. Long has not shown that the charged other acts' evidentiary value was "substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403." Ariz. R. Evid. 404(c)(1)(C). As such, the superior court's failure to make specific findings was not fundamental error.

## II.    Other Act Evidence

**¶23**      Long next argues that the superior court improperly admitted other sexual act evidence. We review the superior court's rulings on admissibility for an abuse of discretion. *Aguilar*, 209 Ariz. at 49, ¶ 29. Long posits that the jury was subjected to "inflammatory, shocking claims of sexual abuse" that resulted in "cumulative unfair prejudice." The superior court admitted the following sexual other act evidence pursuant to Arizona Rule of Evidence 404(c): (1) various "uncharged acts of oral sex, anal sex, and masturbation [Long] perpetrated on Jack;" (2) "the five or six times that [Long] made Ben masturbate during car rides;" and (3) Long's role organizing and participating in "a sexual threesome" with Jack and Kay.

**¶24**      Rule 404(b) precludes evidence of "other crimes, wrongs or acts" to prove the character of a defendant "to show action in conformity therewith." But such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b)(2). And as discussed *supra*, evidence of a defendant's other crimes or acts may be admitted in sexual-offense cases to show that he "had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." Ariz. R. Evid. 404(c).

**¶25**      Long claims the "inflammatory, horrific nature of the other acts" cumulatively prejudiced his case. *See* Ariz. R. Evid. 403 (evidence is inadmissible if its probative value is substantially outweighed by unfair prejudice). He also argues that the State did not prove the other acts by clear and convincing evidence.

**¶26**      We agree with Long that the admitted other acts are "inflammatory" and "shocking," but we do not agree that their admission

subjected Long to unfair prejudice. Even "inflammatory" evidence may be admissible if its probative value outweighs its potential for unfair prejudice. *See State v. Gerlaugh*, 134 Ariz. 164, 169 (1982). And evidence is not unfairly prejudicial merely because it is adverse to a defendant's case. *State v. Schurz*, 176 Ariz. 46, 52 (1993). Here, the court weighed the relevant factors in Rule 404(c) and Rule 403 and found that the risk of unfair prejudice did not substantially outweigh the probative value of the other sexual acts evidence. This is a fact-specific inquiry that we will not disturb absent an abuse of discretion. *Aguilar*, 209 Ariz. at 49, ¶ 29; *see also State v. Harrison*, 195 Ariz. 28, 33, ¶ 21 (App. 1998).

**¶27**      We agree that Long's performing oral sex on a teenager, forcing his son to masturbate in front of him, and organizing incestual acts between his wife and son, were relevant to show his "aberrant propensity" to commit the charged offenses. *See* Ariz. R. Evid. 404(c); *Herrera*, 232 Ariz. 536, 547, ¶ 28–29 (App. 2013); *State v. Lopez*, 170 Ariz. 112, 117 (App. 1990) (sexual activity with boys between 14 and 16 years old reflects an aberrant sexual interest); *See State v. Beck*, 151 Ariz. 130, 134 (App. 1986) (incest "certainly" qualifies as sexually aberrant). The superior court explicitly noted and considered the danger of a potential "cumulative" effect as part of its analysis, but nonetheless admitted the other acts. *See Harrison*, 195 Ariz. at 33, ¶ 21 (we afford broad discretion to the superior court in weighing probative value against the danger of unfair prejudice).

**¶28**      Long also argues the superior court's analysis of the admissibility of the other sexual acts was flawed because the victims' testimonies are "uncorroborated by any objective evidence." But the testimony of a witness is sufficient for a court to find, by clear and convincing evidence, the alleged event occurred. *See Vega*, 228 Ariz. at 29, ¶ 19 n.4. Reliance on a single witness's testimony is not an abuse of discretion. *Id.* And in fact, the record reflects that some of the victims' claims are corroborated by the confrontation calls.

**¶29**      Because Long's sexual other acts were used for a proper purpose under Rule 404(c), they were not unfairly prejudicial under Rule 403. *See Schurz*, 176 Ariz. at 52. The superior court did not abuse its discretion by admitting the uncharged other sexual act evidence.

**¶30**      Long then argues the court erred by admitting non-sexual other act evidence under Rule 404(b). The superior court admitted evidence of Long's beating Jack with a belt while calling him "stupid" and "retard" when he refused Long's sexual advances, hitting Ben in the stomach "just

because he could," and instances of abusive and controlling behavior toward Jack while he worked at Long's boating business.

**¶31**         Similar to Long's arguments about the other sexual acts, he claims that the admitted non-sexual other acts subjected him to "cumulative and unfair prejudic[e]," and makes the broad assertion that the other acts are contradicted and uncorroborated. But the superior court properly analyzed the other act evidence under Rule 404(b). These other acts are relevant to explain the victims delayed reporting of the abuse. *See Herrera*, 232 Ariz. at 547, ¶ 29 (the admission of other acts is relevant to "delay in reporting the charged offenses").

**¶32**         The superior court explicitly weighed the probative value of Long's other acts against the potential danger of unfair prejudice, even excluding some other acts the State sought to admit because it worried the jury would render a guilty verdict because "they really dislike [Long]." And the victims' testimonies are sufficient to support finding the other acts occurred by clear and convincing evidence, despite Long's claims that their testimonies are contradicted and uncorroborated. *See Vega*, 228 Ariz. at 29, ¶ 19 n.4.

**¶33**         The superior court did not abuse its discretion by admitting the other act evidence under Rule 404(b).

## III.    Sufficiency of the Evidence for Count 10

**¶34**         Lastly, Long argues his conviction on Count 10 is "unsupported by substantial evidence." He argues that "[t]he State's evidence" in support of Count 10 "hinged entirely" on Ben's credibility, which is "in serious disrepute." He argues that Ben testified that the sexual conduct occurred at Long's business in 1999 or 2000, which cannot be true because the business "did not exist until at least 2002."

**¶35**         We review whether there is sufficient evidence to sustain a conviction de novo, viewing the evidence in the light most favorable to sustaining the jury's verdict. *State v. West*, 226 Ariz. 559, 562, ¶ 15–16 (2011). Our review is limited to determining whether substantial evidence exists to support the verdict. *See State v. Scott*, 177 Ariz. 131, 138 (1993); *see* Ariz. R. Crim. P. 20(a) (directing courts to enter judgment of acquittal "if there is no substantial evidence to support a conviction"). Substantial evidence is proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of [a] defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990). We will sustain the conviction if "any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Id.* at 66 (cleaned up). And we "do not reweigh the evidence to decide if we would reach the same conclusions as the trier of fact." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 9 (App. 2013) (cleaned up).

**¶36** The State argues Ben's testimony that Long performed anal sex on him after seeing the Star Wars movie together is sufficient to sustain the jury's verdict. As the State points out, although Ben could not identify the name of the film or the year these events occurred, his description of the movie—"the one with Anakin as the kid"—was sufficient to identify it as *Star Wars: The Phantom Menace*, which came out in 1999, the year Ben turned 11. Even if Ben was wrong about the details of where the attack occurred, location is not a material element of the case, and instead, any conflict goes to the weight and credibility of the testimony. *See State v. Anthony*, 104 Ariz. 133, 135 (1969). And the jury considered testimony from an expert witness that a heightened stressful state in children can prevent "the transfer [of] something from short-term memory to long-term memory."

**¶37** The State also reminds us that the jury considered the confrontation call where—although not explicitly confessing—Long acknowledged that he could not be around Ben's children because of what happened and said that he "tried to kill [himself] over all this stuff."

**¶38** To convict Long of sexual conduct with a minor, the prosecution had to prove beyond a reasonable doubt that he "intentionally or knowingly engag[ed] in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." A.R.S. § 13-1405(A).

**¶39** Viewing the evidence in the light most favorable to sustaining the verdict, the jury could reasonably conclude Ben's testimony was credible and convict Long based on that testimony. Long's arguments question the weight and credibility of the evidence which are questions we leave for the jury. *See State v. Pieck*, 111 Ariz. 318, 320 (1974). Sufficient evidence supports Long's conviction on Count 10.

## CONCLUSION

**¶40** We affirm Long's convictions and sentences.

