478 P.2d 105

**STATE of Arizona, Appellee,**

v.

**William Ellis VAN WINKLE, Appellant.**

**No. 2071.**

Supreme Court of Arizona,
In Division.

Dec. 16, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

McFARLAND, Justice.

William Ellis Van Winkle, hereinafter referred to as defendant, was tried and convicted of five counts of rape second degree and one count lewd and lascivious acts and was sentenced to serve not less than seven and one-half years nor more than fifteen years in the Arizona State Penitentiary upon each count to run concurrently. From his conviction and sentence he appeals.

On June 26, 1969, defendant was tried upon an information charging that on August 22, 1968, through August 26th inclusive, defendant on five separate occasions had raped his fourteen year old daughter and on one of these occasions committed a lewd and lascivious act upon her. The complaining witness testified to the events charged and that prior thereto the defendant had molested her over a period of several years. An older sister testified that she had been subjected to such sexual aggressions by her father, the defendant, over a ten year period. She said the acts terminated after she complained to school officials and her mother some eight months before the events referred to in the information.

On July 2, 1969, the jury found defendant guilty and after denying defendant's motion for a new trial the court sentenced him on July 11, 1969, to six concurrent terms commencing on the date of sentencing and no credit was given defendant for the pre-trial incarceration.

He had been confined from the date of arrest September 24, 1968, to May 14, 1969, when released on his own recognizance. The defendant's first contention was that he was subjected to double jeopardy and punishment in violation of the Federal Constitution due to the court's failure to credit him with the time spent in confinement prior to his trial. The court was informed by defense counsel of the time he had spent in jail before trial. We cannot say from the record that the court failed to take such fact into consideration in arriving at the sentence. The trial

court had discretion of imposing a maximum of life imprisonment on each charge and the court could have made the sentences consecutive instead of concurrent. The defendant cites North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, in support of his position. However, the question there was not whether a defendant should be given credit for time spent in jail before the first trial, but whether he could be given a longer sentence after his second trial and whether he is entitled to time spent in prison while his case was on appeal.

This same question was before us in State v. Kennedy, 106 Ariz. 190, 472 P.2d 59, in which we held:

"While a court may take into consideration the time served in jail prior to sentence it is held to be not a matter of right but discretionary with the trial court. [Cases cited.]"

■ Defendant contends that the evidence, "if any, balanced in his favor" and that errors therefore were not harmless. He in effect states it was the errors which caused the jury to find him guilty. We cannot upon the record agree with defendant. The evidence of defendant's guilt was substantial in view of the testimony of the second child that she had for over ten years been exposed to such aggressions as often as once a week. This evidence was admitted without objection, showing a system, plan and scheme. State v. Goldsmith, 104 Ariz. 226, 450 P.2d 684; State v. Parker, 106 Ariz. 54, 470 P.2d 461; Taylor v. State, 55 Ariz. 13, 97 P.2d 543.

Defendant's principal contention is that the court failed to grant a mistrial when the deputy county attorney improperly read from the deposition of defendant's witness the question "Have you ever been convicted of a felony?" The following then took place:

"THE COURT: Objection sustained. We discussed that matter in chambers. I think it improper to read the question.

"MR. PETERSON: I would like to make a record.

"THE COURT: The question may be stricken and the jury instructed to disregard the question as though it was not asked. Just erase it from your minds.

"MR. PETERSON: I would still like to make a record.

(Thereupon the following occurred at the bench outside the hearing of the jury.)

"MR. PETERSON: The defendant will move for a mistrial on the statement of the prosecuting attorney, Roger Garrett, reading the question, 'Have you ever been convicted of a felony.' The Court had previously ordered Mr. Garrett that no reference would be made to that question or matter.

"THE COURT: Motion will be denied. You may proceed.

(Thereupon the following occurred in open Court before the jury.)

"MR. PETERSON: I think that concludes the deposition.

"THE COURT: I think it should be explained to the jury as a matter of fairness, the deposition does not show that the witness has been convicted of a felony, because the question raises that inference. The deposition does not show that.

"I am sure it was inadvertent on the part of counsel."

■ When a person offers himself as a witness he may be examined on whether he has suffered a previous conviction of a felony. State v. Polan, 78 Ariz. 253, 278 P.2d 432; Hadley v. State, 25 Ariz. 23, 212 P. 458. However, a prosecuting officer, in order to impeach such witness, cannot engage in questions which cast insinuations without being prepared and able to prove the insinuations. State v. Stago, 82 Ariz. 285, 312 P.2d 160; State v. Singleton, 66 Ariz. 49, 182 P.2d 920. When such witness is the defendant this court has held that the prejudice aroused is such that it is reversible error. In the instant case such question was read from a prepared transcript of a witness' testimony, and may

have been as the judge commented, inadvertent. The proceedings were stopped and the court commented on the fact that the deposition did not show that the witness had been convicted of a felony. It could be argued that in the instant case the state and not the defendant was prejudiced by the incident. In State v. Singleton, supra, we said:

"Under the interpretation we consistently have given sec. 22, Art. 6 of the State Constitution, the mere fact of error does not raise a conclusive presumption of prejudice. It is our duty, notwithstanding error, to examine the record and ascertain therefrom whether the error was, in fact, prejudicial to the accused. Comancho v. State, 39 Ariz. 556, 8 P.2d 772. While we appreciate the fact that, due to the human equation, no case was ever so perfectly tried that it could not be subject to some criticism, State v. King, 66 Ariz. 42, 182 P.2d 915, still one accused of crime, particularly a man on trial for his life, is entitled to a fair and impartial trial which does not violate any of his substantial rights. The test which we must apply is: Had the errors heretofore pointed out not been committed, is there reasonable probability that the verdict might have been different? In answering this question, the Supreme Court puts itself as nearly as possible in the position of the jury. Turley v. State, 48 Ariz. 61, 59 P.2d 312." At page 66, 182 P.2d at page 930.

█ The trial court twice considered this complained of error and refused to grant a mistrial or after conviction a new trial, both being within the trial court's discretion. We are therefore impressed with the fact that the court believed that it was harmless error. We agree, considering the nature of the witness' testimony. In substance the witness testified that both the complaining witness and her older sister admitted that for various personal reasons they lied when they accused their father of improper acts. We do not believe that the asking of the question was prejudicial error since the court told the jury the witness had not been convicted of a felony.

█ Defendant contends that it was error for the trial court to exclude the testimony by written interrogatories of two character witnesses. One such witness had been an employer and friend of defendant in California where defendant lived some three years prior to this trial. The other witness had been a minister at defendant's church. Although he had visited defendant's home 10 or 12 times his acquaintanceship was limited to defendant being a member of the congregation, the latter having moved from the community in 1967, two years prior to the trial. Both attempted to establish that defendant had a good reputation for honesty and integrity in the community. Counsel for defense had argued the question of admission of such interrogatories in chambers and when the court refused their admission into evidence no record was made of the reason for such ruling or argument concerning their admission. The admission of such evidence was discretionary with the court and in the absence of the record we must conclude the court did not abuse its discretion. Burnett v. State, 34 Ariz. 129, 268 P. 611; Strickland v. State, 37 Ariz. 368, 294 P. 617; United States v. Chung Sing, 4 Ariz. 217, 36 P. 205 (1894).

█ Defendant contends that it was error for the court to overrule his objection to testimony of the complaining witness that the defendant kept track of her menstrual cycle on the grounds that it was hearsay. While the witness testified "My Mom told us" she also said "and we knew he did, and we didn't particularly like it", which shows she was testifying from her own knowledge. The defendant in his testimony admitted such knowledge but said it was obtained incidental to shopping for the family needs. Under these facts there was no prejudicial error.

Judgment affirmed.

LOCKWOOD, C. J., and HAYS, J., concur.