262 P.3d 628

STATE of Arizona, Appellee,

v.

Jose Vicente Montano VEGA, Appellant.

No. 1 CA–CR 10–0126.

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 18, 2011.

As Amended Nov. 9, 2011.

Thomas C. Horne, Arizona Attorney General, By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Michael O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Bruce F. Peterson, Maricopa County Legal Advocate, By Frances J. Gray, Deputy Legal Advocate, Phoenix, Attorneys for Appellant.

## OPINION

JOHNSEN, Judge.

¶ 1 A jury convicted Jose Vicente Montano Vega of five sex crimes committed against his two nieces when they were six and 11 years old, respectively. On appeal he argues the superior court erred by admitting evidence of an earlier uncharged offense he allegedly committed against the older girl.

We conclude the court erred, but we affirm the convictions because the error was harmless.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Vega was charged with two counts each of child molestation and sexual conduct with a minor, Class 2 felonies, and one count of sexual abuse, a Class 3 felony and dangerous crime against children.

¶ 3 Prior to trial and pursuant to Arizona Rule of Criminal Procedure 15.1(a), the State disclosed a police report relating an allegation by the older of the two victims that Vega improperly touched her at the beach in Mexico a few months before the Arizona incidents on which the charges were based. When the prosecutor began to examine the victim about the beach incident at trial, Vega objected that the evidence was inadmissible under Arizona Rules of Evidence 403 and 404. Citing *State v. Garner*, 116 Ariz. 443, 569 P.2d 1341 (1977), the prosecutor responded that uncharged acts committed against a victim are admissible without notice or hearing under Rules 403 and 404. The court noted it agreed with the prosecutor's understanding of *Garner*. It overruled Vega's objection and, after asking the witness when the beach incident occurred, allowed the testimony without making express findings supporting admissibility of the evidence. Over a defense objection, the court later instructed the jury that it could consider evidence of the beach incident in determining whether Vega has a character trait that predisposes him to commit abnormal or unnatural sexual acts.

¶ 4 After the jury convicted Vega on all charges, the court sentenced him to two concurrent 17–year terms of incarceration, a consecutive five-year term and two consecutive life terms without the possibility of release for 35 years.

¶ 5 Vega timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031 (2010) and –4033(A)(1) (2010).[1]

---

1.  Absent material revisions after the date of an alleged offense, we cite a statute's current ver-

## DISCUSSION

### A. Standard of Review.

¶ 6 We review a superior court's ruling on the admissibility of evidence for abuse of discretion. *State v. Robinson*, 165 Ariz. 51, 56, 796 P.2d 853, 858 (1990). An abuse of discretion occurs if the court errs in applying the law. *Merlina v. Jejna*, 208 Ariz. 1, 3, ¶ 6, 90 P.3d 202, 204 (App.2004). An abuse of discretion also occurs when the superior court refuses or fails to exercise its discretion in ruling on a matter. *State v. Garza*, 192 Ariz. 171, 175, ¶ 16, 962 P.2d 898, 902 (1998).

¶ 7 The State argues that Vega has abandoned any challenge to the relevance of the beach incident and any argument that the evidence was unduly prejudicial. It argues that on appeal, Vega objects only to the superior court's failure to make specific findings supporting the admissibility of the evidence pursuant to Arizona Rule of Evidence 404(c). It contends we should review that issue only for fundamental error because Vega did not object at trial to the court's failure to make specific findings supporting admissibility. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).

¶ 8 The State misconstrues Vega's arguments on appeal. Vega does not argue only that the superior court failed to make findings required by Rule 404(c); he also argues the court erred by admitting the evidence without considering the specific factors required for admissibility under Rule 404(c). Vega expressly and unambiguously objected to the admission of the evidence on the ground that the court had failed to consider the requirements of Rule 404(c). Accordingly, we reject the State's assertion that Vega forfeited appellate review of this issue except for fundamental error.

### B. Admission of Other–Act Evidence.

¶ 9 Arizona Rule of Evidence 404 sets forth the principle "that evidence of other bad acts is not admissible to show a defendant's bad character." *State v. Aguilar*, 209 Ariz. 40, 42, ¶ 9, 97 P.3d 865, 867 (2004). Pursuant to

sion.

Rule 404(b), however, evidence of other crimes may be admissible when offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See Aguilar*, 209 Ariz. at 43, ¶ 10, 97 P.3d at 868 (quoting Ariz. R. Evid. 404(b)).

¶ 10 Rule 404(c) contains another exception to the general rule of exclusion. It applies when defendants are charged with certain sex offenses and allows other-act evidence "relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." *See Aguilar*, 209 Ariz. at 46, ¶ 20, 97 P.3d at 871. Rule 404(c) allows such evidence only if the superior court first makes specific findings relating to sufficiency of proof, relevance and undue prejudice.[2] The rule also requires that when other-act evidence is admitted to show an aberrant sexual propensity, "the court shall instruct the jury as to the proper use of such evidence." Rule 404(c)(2).

### C. The Court Erred, but the Error Is Harmless.

#### 1. The charges involving the younger girl.

¶ 11 As noted above, the superior court adopted the State's argument that un-

der *Garner*, evidence of the beach incident was admissible pursuant to Rule 404(b) because it concerned a prior offense against the victim of a charged offense. *See Garner*, 116 Ariz. at 447–48, 569 P.2d at 1345–46. On appeal, Vega argues this court held in *State v. Garcia*, 200 Ariz. 471, 476, ¶ 31, 28 P.3d 327, 332 (App.2001), that an uncharged sex act against the victim of a charged offense is not admissible pursuant to Rule 404(b) but only may be admitted pursuant to Rule 404(c). The State argues that Rule 404(c), which our supreme court adopted in 1997, 20 years after *Garner*, does not restrict the admission of evidence of uncharged acts against the victim of a charged offense. It contends that the admissibility of such evidence is governed by subpart b of Rule 404, not subpart c.

¶ 12 The State, however, does not explain on appeal how *Garner* might have allowed the jury to consider evidence of the beach incident in considering the charges against Vega involving the younger girl; nor does it contend that the beach evidence was intrinsic to those charges.[3] Even if evidence of the beach incident were admissible on the charges involving the younger girl pursuant to Rule 404(b), an issue we do not decide, the

---

**2.** In relevant part, Rule 404(c) provides:

**(c) Character evidence in sexual misconduct cases**

In a criminal case in which a defendant is charged with having committed a sexual offense, ... evidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged. In such a case, evidence to rebut the proof of other crimes, wrongs, or acts, or an inference therefrom, may also be admitted.

(1) In all such cases, the court shall admit evidence of the other act only if it first finds each of the following:

(A) The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.

(B) The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.

(C) The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of is-

sues, or other factors mentioned in Rule 403. In making that determination under Rule 403 the court shall also take into consideration the following factors, among others:
(i) remoteness of the other act;
(ii) similarity or dissimilarity of the other act;
(iii) the strength of the evidence that defendant committed the other act;
(iv) frequency of the other acts;
(v) surrounding circumstances;
(vi) relevant intervening events;
(vii) other similarities or differences;
(viii) other relevant factors.
(D) The court shall make specific findings with respect to each of (A), (B), and (C) of Rule 404(c)(1).
(2) In all cases in which evidence of another act is admitted pursuant to this subsection, the court shall instruct the jury as to the proper use of such evidence.

**3.** The State's brief does not address the admissibility of the beach evidence with respect to the charges involving the younger girl. Without acknowledging the distinction between the victims, the State argues the evidence was properly ad-

superior court erred by instructing the jury that it could consider the evidence in determining whether Vega has a character trait that predisposed him to commit abnormal or unnatural sexual acts. Rule 404(b) does not allow use of evidence for that purpose. *State v. Hargrave*, 225 Ariz. 1, 10, ¶ 23, 234 P.3d 569, 578 (2010).

■ ¶ 13 Of course Rule 404(c) does allow evidence offered to show a character trait that predisposes the defendant to commit abnormal or unnatural sexual acts, but only if the superior court makes the findings set out in Rule 404(c)(1)(A) through (C). *State v. Prion*, 203 Ariz. 157, 164, ¶ 43, 52 P.3d 189, 196 (2002) ("sexual propensity evidence under Evidence Rule 404(c) ... cannot be admitted, much less argued, without specific findings"). Because the superior court failed to consider whether evidence of the beach incident was admissible pursuant to Rule 404(c) and make the findings that Rule 404(c)(1) requires, the court erred in instructing the jury that it could consider the evidence in deciding whether Vega has a character trait that predisposed him to committing the charged acts against the younger girl.

## 2. Harmless error analysis.

¶ 14 Error to which a defendant has objected at trial is not reversible if it is harmless. *Henderson*, 210 Ariz. at 567, ¶ 18, 115 P.3d at 607. "Error is harmless only if we can say, beyond a reasonable doubt, that it did not contribute to or affect the verdict.' Put another way, the proper inquiry is 'whether the guilty verdict actually rendered ... was surely unattributable to the error.'" *State v. Green*, 200 Ariz. 496, 501, ¶ 21, 29 P.3d 271, 276 (2001) (quoting *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993)). The State has the burden of showing that the error was harmless. *State v. Anthony*, 218 Ariz. 439, 446, ¶ 39, 189 P.3d 366, 373 (2008).

¶ 15 In *Aguilar*, the Rule 404(c) issue arose because the superior court had denied the defendant's pretrial motion to sever sexu-

al assault charges against him arising from separate incidents involving four women. 209 Ariz. at 41, ¶¶ 2–3, 97 P.3d at 866. The defendant sought separate trials on the charges involving each victim. *Id.* at ¶ 3. Pursuant to Arizona Rule of Criminal Procedure 13.4(b), the defendant was entitled to severance "unless evidence of the other offense or offenses would be admissible under applicable rules of evidence if the offenses were tried separately." *See Aguilar*, 209 Ariz. at 41, ¶ 3, 97 P.3d at 866. After oral argument, the superior court denied the motion to sever because it concluded the evidence as to each victim would be admissible on the other charges pursuant to Arizona Rule of Evidence 404(c). *Id.* at ¶ 4.

¶ 16 The supreme court held the superior court erred in finding pursuant to Rule 404(c)(1)(A) that the evidence offered at the hearing on the motion was "sufficient to permit the trier of fact to find that the defendant committed" each of the acts. *Id.* at 49–50, ¶ 33, 97 P.3d at 874–75. The victims did not testify at the hearing; the only evidence the State offered was a transcript of the grand jury proceedings in which a police officer described the victims' statements. *Id.*

¶ 17 The supreme court, however, observed that the superior court's error "might be harmless error if the record contained substantial evidence that the requirements of admissibility were met." *Id.* at 50, ¶ 37, 97 P.3d at 875; *see State v. Herrera*, 226 Ariz. 59, 65, ¶ 18, 243 P.3d 1041, 1047 (App.2010) (failure to perform Rule 404(c) analysis was harmless); *State v. Marshall*, 197 Ariz. 496, 499, ¶ 7, 4 P.3d 1039, 1042 (App.2000) (superior court's failure to make specific findings required by Rule 404(c) "was at most harmless error"). In considering whether the error was harmless, the supreme court looked to "the materials reviewed by the trial court" at the severance hearing and concluded those materials were "insufficient ... to conclude that the State met its burden as the materials largely consist[ed] of a third party's recitation of the victims' claims...." *Aguilar*, 209 Ariz. at 50, ¶ 37, 97 P.3d at 875. In a

mitted either pursuant to *Garner* or because it was intrinsic to the charges involving the older girl. *See State v. Herrera*, 226 Ariz. 59, 64, ¶ 12,

243 P.3d 1041, 1046 (App.2010) (Rule 404(b) requirements do not apply to intrinsic evidence).

footnote, the court added that the subsequent guilty verdicts did not mean the error was harmless because the superior court had erroneously instructed the jury that it "*must consider*" the acts "in determining whether [the defendant] had a character trait that predisposed him to commit the crimes charged." *Id.* at ¶ 37 n. 12.

¶ 18 By contrast to the pretrial situation in *Aguilar*, the Rule 404(c) issue in this case arose in the middle of trial, during the State's direct examination of the older girl. Unlike in *Aguilar*, in which the Rule 404(c) ruling determined the entire course of the trial, there was no question about severance in this case; here it was plain that regardless of whether the beach evidence was admitted, the jury would hear both victims testify about the charged acts. Moreover, the court in this case instructed the jury pursuant to Rule 404(c) that it "may" consider the other-act evidence "only if" the State proved by clear and convincing evidence that Vega committed the act and the act showed that his "character predisposed him to commit abnormal or unnatural sexual acts." *See* Ariz. R. Evid. 404(c)(2). For these reasons, we conclude we may consider the entire trial record in determining whether it was harmless error for the court to admit testimony about the beach incident without first screening the evidence and making the findings Rule 404(c) requires.

¶ 19 Before allowing the older girl to be questioned about the beach incident, the superior court observed her testify and questioned her briefly outside the presence of the jury about when the beach incident occurred with respect to the charged offenses. After the court ruled she could testify about the incident, the girl stated that while she and Vega were riding a Jet Ski together on the ocean far away from others, he put his hand on the portion of her bathing suit covering her "private parts." Having decided to admit the testimony pursuant to Rule 404(b), the superior court necessarily concluded the testimony constituted clear and convincing evidence of the act. *See State v. Terrazas,* 189 Ariz. 580, 582, 944 P.2d 1194, 1196 (1997). Likewise, the jury was instructed it could consider the testimony only if the State proved by clear and convincing evidence that Vega committed the act. Upon a close review of the trial record, we agree that the victim's in-person testimony satisfied the clear-and-convincing requirement of Rule 404(c)(1)(A). *See Marshall*, 197 Ariz. at 499, ¶ 7, 4 P.3d at 1042 (on review, court may determine evidence was clear and convincing when superior court fails to make formal finding).[4]

¶ 20 We also conclude the evidence satisfied the requirement under Rule 404(c)(1)(B) that the "other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged." The beach incident clearly provides a basis for concluding that Vega had a "character trait" that gave "rise to an aberrant sexual propensity" to commit the several other sexual assaults on the girl and her sister.

¶ 21 Lastly, admission of other-act evidence pursuant to Rule 404(c) is allowed only where its "evidentiary value" "is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403." The record in this case makes clear that the evidentiary value of the evidence was not substantially outweighed by unfair prejudice, confusion of issues or other Rule 403 factors.

¶ 22 Significantly, the single act at the beach about which the older victim briefly testified was far less egregious than the acts both victims testified Vega committed a few

---

4. Clear and convincing evidence creates a high probability that a proposition is true, *State v. Roque*, 213 Ariz. 193, 215, ¶ 75, 141 P.3d 368, 390 (2006); *State v. King*, 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988), but need not establish that it is certainly or unambiguously true, *State v. Renforth*, 155 Ariz. 385, 388, 746 P.2d 1315, 1318 (App.1987). The testimony of the victim is a sufficient basis on which to conclude by clear and convincing evidence that the incident occurred. *See State v. Williams,* 111 Ariz. 175, 177–78, 526 P.2d 714, 716–17 (1974) (citing *State v. Pollock*, 57 Ariz. 415, 114 P.2d 249 (1941) (uncorroborated testimony by victim is sufficient to establish proof beyond a reasonable doubt unless the account is physically impossible or so incredible that no reasonable person would believe it)).

months later. The younger girl testified in detail that when she and Vega were alone on the couch in the living room of his house, he touched her with his fingers under her panties. She testified he touched her where she "pee[s]," and that it hurt when he touched her. She said Vega told her not to tell anyone about the incident. The younger victim also said Vega touched her another time beneath her panties when the two of them were in her house. She testified she eventually told her mother of the incidents, and later recounted the incident to a woman who later testimony revealed was a law enforcement investigator.

¶ 23 The older girl testified in similar detail that in the fall after the summer beach incident, Vega entered a bedroom while she was lying on the bed and began to kiss her. Then, despite her protestations, he pulled down her pants and panties and touched her with his hand, hurting her. She recalled that Vega then pulled down his own pants and penetrated her with his finger or his penis. Before he left the room, he also touched the girl's chest. The older girl eventually reported the incident to her mother and later recounted it to the investigator. After she reported the incidents, an examination revealed that she suffered from labial adhesions that may have been caused by trauma to her vaginal area.

¶ 24 Given this evidence about the charged offenses, the record makes plain that evidence of the beach incident did not pose a substantial danger of unfair prejudice or confusion of issues.

### 3. The charges involving the older girl.

¶ 25 Vega also argues evidence of the beach incident was admissible on the charges involving the older girl, if at all, only pursuant to Rule 404(c). As noted, citing *Garner*, the State contends the evidence was admissible pursuant to Rule 404(b). We need not

resolve the issue, however, because we conclude that even if the superior court erred by failing to screen the evidence on those charges pursuant to Rule 404(c), the error was harmless. *Supra* ¶¶ 14–24.

### D. Preclusion of Purported Impeachment Evidence.

¶ 26 Vega also argues the superior court erred by refusing to allow his daughter to testify for purposes of impeaching the older girl's testimony about the beach incident.

¶ 27 Although Vega had not listed his daughter as a witness in the Final Trial Management Conference Joint Pretrial Statement, defense counsel announced just before the close of the State's case that he intended to call her to testify, in part to rebut the older victim's testimony about the beach incident. The State moved to preclude the testimony for lack of disclosure.

¶ 28 The lengthy title of the State's disclosure pursuant to Arizona Rule of Criminal Procedure 15.1 included the phrase, "Notice of Intent to Use Other Crimes, Wrongs or Acts Pursuant to Rule 404(B), 404(C)," and the State represented in that disclosure that it would "seek to introduce all prior or subsequent acts of the Defendant that are contained in or incorporated into the police reports to prove sexual propensity, motive, intent, or knowledge otherwise use[d] at trial."[5] Pursuant to Rule 404(c)(3), once the State has disclosed evidence of a prior act, "[t]he defendant shall make disclosure as to rebuttal evidence pertaining to such acts as required by Rule 15.2, no later than 20 days after receipt of the state's disclosure or at such other time as the court may allow for good cause."

¶ 29 In argument to the court outside the presence of the jury, the State argued Vega failed to give notice prior to trial that he

5. Beyond its initial disclosure, the State should have asked the court pursuant to Rules 16.1 and 16.3 of the Arizona Rules of Criminal Procedure prior to trial to determine the admissibility of any evidence it sought to offer pursuant to Rule 404(c). *Cf. State v. LeBrun*, 222 Ariz. 183, 187, ¶ 15, 213 P.3d 332, 336 (App.2009) (although circumstances may not require court to hold evidentiary hearing before making Rule 404(c) findings, court allowed defense to offer evidence to dispute the act). In this case, if the State had asked the court to consider the admissibility of the other-act evidence prior to trial, Vega presumably would have been in a better position to offer his daughter's testimony to impeach the account of the beach incident.

would call his daughter to rebut any evidence of the beach incident. Defense counsel acknowledged knowing about the allegation of the beach incident from the police reports, but asserted he did not think he would need to call Vega's daughter to testify about it because it was not a charged offense and the State did not provide notice under Rule 404(c) that it would offer evidence of the incident at trial. He also argued that although the defense had not disclosed the witness by name, her name appeared in police records and the defense's disclosure had reserved the right to call "any and all individuals named or referred to in any ... police departmental reports." Defense counsel also argued that the State had interviewed the witness and although the State ultimately decided against calling her to testify in its case in chief, it had subpoenaed her for trial.[6] The court ruled Vega could not call the witness because he had failed to timely identify her as a witness.

¶ 30 On appeal, Vega cites nothing in the record to show that his daughter's testimony would have materially affected the jury's perception of the beach incident. Asked by the superior court to explain the purpose of the witness's testimony, defense counsel said Vega's daughter would testify she had never been molested by her father and also would testify that the mother of the two victims of the charged offenses blamed Vega and wanted to seek revenge against him in connection with the prosecution of another family member. Defense counsel did not describe what the daughter would say about the beach incident; he only added, "as well as to impeach [the older girl] in saying that in Mexico she was on a jet ski with [Vega]." Given the factors we have discussed, *supra* ¶¶ 22–24, and in the absence of a more substantial offer of proof, we conclude that any error the superior court committed by failing to allow the "impeachment" testimony was harmless. *See State v. Towery*, 186 Ariz. 168, 179, 920 P.2d 290, 301 (1996) ("Defendant's failure to establish [evidence] by an offer of proof in the record makes it impossible to evaluate whether the trial judge unfairly limited Defendant's cross-examination.").

## CONCLUSION

¶ 31 For the reasons stated above, we hold the superior court erred in allowing the jury to consider the testimony about the beach incident in determining whether Vega was predisposed to commit the charged acts involving the younger girl. We conclude, however, that the error was harmless. We need not decide whether the court erred by allowing the jury to consider the same evidence in the charges involving the older girl because any error was harmless. Likewise, we conclude that any error the court made in refusing to allow Vega to call his daughter to testify about the beach incident also was harmless. Accordingly, we affirm the convictions and the resulting sentences.

CONCURRING: MARGARET H. DOWNIE, Judge.

THOMPSON, Judge, concurring.

¶ 32 I agree with the majority's opinion. I write separately to express my disagreement with certain dicta in this court's opinion in *State v. Garcia*, 200 Ariz. 471, 28 P.3d 327 (App.2001), upon which Vega relies. In *Garcia*, the defendant was jointly tried for the molestation of numerous victims, and extensive "bad act" evidence of uncharged sex acts involving the various victims was admitted without Arizona Rule of Evidence 403 (Rule 403) balancing and without Arizona Rule of Evidence 404(c) (Rule 404(c)) findings. 200 Ariz. at 472, ¶ 1, 28 P.3d at 328. The defendant was convicted on some charges as to two of the victims, and we reversed, noting the absence of Rule 403 consideration by the trial court. *Id.* at 473, ¶ 7, 28 P.3d at 329 ("[t]he trial court ... did not undertake a 403 analysis ...."). In response to the state's argument that the evidence of uncharged incidents was admissible pursuant to *State v. Garner*, 116 Ariz. 443, 569 P.2d 1341 (1977), we held that "[n]othing in [the *Garner* line of] cases relieves the need to consider, uncharged act by uncharged act, whether the probative value of the particular evidence over-balances its potential for unfair prejudice." *Garcia* at 477, ¶ 37, 28 P.3d at 333.

---

6. The State responded it had subpoenaed the witness only for use in rebuttal.

However, the opinion also, erroneously and unnecessarily in my view, proceeded to require Rule 404(c) consideration and findings with regard to *"Garner"* evidence, that is, evidence of prior sexual behavior with the same victim. *Id.* at 479, ¶ 45, 28 P.3d at 335.

¶ 33 Treatment of the evidence of general sexual aberration was the subject of *State v. McFarlin,* 110 Ariz. 225, 517 P.2d 87 (1973), and *State v. Treadaway,* 116 Ariz. 163, 568 P.2d 1061 (1977), and is codified in Rule 404(c). *Garcia,* 200 Ariz. at 476, ¶ 28, 28 P.3d at 332. Evidence of a prior similar act, committed by the defendant upon the same victim, raises "a different question than that presented by either *McFarlin,* or *Treadaway."* *Garner,* 116 Ariz. at 447, 569 P.2d at 1345 (citations omitted). The *Garner* type of bad act evidence is admitted for the purposes other than bad character posited by Rule 404(b), such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Our supreme court cited a California case for "the correct rule:"

> "[E]vidence of other offenses is admissible if material to the proof of the crime charged (citation omitted), to show motive, intent or knowledge (citation omitted), and to show a common plan or scheme (citation omitted). In cases involving sex crimes, evidence of other not too remote sex offenses with the prosecuting witness is admissible to show a lewd disposition or the intent of the defendant towards the prosecuting witness."

*Id.* (quoting *People v. Sylvia,* 54 Cal.2d 115, 4 Cal.Rptr. 509, 351 P.2d 781, 785 (1960)).

¶ 34 The citations omitted from the *Garner* court's recitation of the rule from *People v. Sylvia* help to illustrate the nature of the exception recognized in these cases. For example, the holding in *People v. Piascik,* 159 Cal.App.2d 622, 323 P.2d 1032 (1958), is

that evidence of the manufacture of false drivers' licenses was admissible at the defendant's trial for a fraudulent check cashing scheme. *Id.* at 1035. Evidence that the defendants had wire-tapped the victim's home preparatory to their attempt to murder him with a bomb was deemed admissible as showing a conspiratorial scheme and not inadmissible character evidence in *People v. Kynette,* 15 Cal.2d 731, 104 P.2d 794, 802 (1940), *overruled on other grounds by People v. Sharer,* 61 Cal.2d 869, 40 Cal.Rptr. 851, 395 P.2d 899 (1964). Similarly, a prior Arizona case noted in *Garner* allowed evidence of prior sex acts as to the same victim as showing a "system, plan or scheme to engage in sexual aberrations." *State v. Finley,* 108 Ariz. 420, 421, 501 P.2d 4, 5 (1972) (citation omitted). Thus, *Garner*-type evidence of prior incidents with the same molestation victim[7] are admitted pursuant to the same Rule 404(b) analysis that allowed evidence that a defendant, prior to having his wife murdered, had severed the brake line of her car, *see State v. Mills,* 196 Ariz. 269, 274, 995 P.2d 705, 710 (App.1999), and evidence in a murder case of the defendant's prior assault on his victim, *see State v. Gulbrandson,* 184 Ariz. 46, 61, 906 P.2d 579, 594 (1995).

¶ 35 These 404(b) non-character uses of the evidence are completely distinct from the purposes for admitting the *Treadaway*-type evidence of sexual aberration: to show emotional propensity to perversion, or as Rule 404(c) has codified the principle, "a character trait giving rise to an aberrant sexual propensity . . . ." In fact, the distinct uses are mutually exclusive to the extent that *Garner*-type evidence is admissible only when it does something other than prove a character trait of a defendant, and *Treadaway*-type evidence is admissible only when it does prove the pertinent character trait.

**7.** While the majority correctly notes in paragraph eleven that "[t]he State, however, does not explain on appeal how *Garner* might have allowed the jury to consider evidence of the beach incident in considering the charges against Vega involving the younger girl," the supreme court has, in *State v. Van Winkle,* 106 Ariz. 481, 478 P.2d 105 (1970), allowed evidence that Van Winkle had molested the victim's older sister "as

showing a system, plan, or scheme." *Garner,* 116 Ariz. at 447, 569 P.2d at 1345. *Van Winkle* in turn cites several previous cases, including *Taylor v. State,* 55 Ariz. 13, 97 P.2d 543 (1940), allowing, as evidence of "a system, plan and scheme" bad act testimony from persons other than the charged victim in child sex cases. *Van Winkle* at 483, 478 P.2d at 107.

¶ 36 Therefore, in my view, the holding in *State v. Garcia* is limited to its conclusion that, on its facts, the trial court there committed reversible error in admitting evidence of uncharged sex acts by the defendant against his victims without the requisite Rule 403 balancing of probative value and prejudice. Here, admission of the single prior act against the older girl was properly admitted pursuant to Rule 404(b).