NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

EFRAIN GALVEZ-GALVEZ, *Appellant.*

No. 1 CA-CR 17-0128
FILED 7-10-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2015-001282-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

The Poster Law Firm PLLC, Phoenix
By Rick D. Poster
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding
Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

---

**S W A N N**, Judge:

**¶1**          Efrain Galvez-Galvez appeals his convictions for six counts of sexual conduct with a minor, one count of attempt to commit molestation of a child, and one count of sexual abuse.  He contends that the superior court improperly admitted other-act evidence and should have required a separate verdict form for the jury to find that the other acts had occurred.  He also contends that there was insufficient evidence to support one of the sexual conduct convictions.  We reject Galvez-Galvez's contentions, and affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**          For years, Galvez-Galvez would have "sleep-overs" with his minor stepdaughter, Victim A.  During the sleep-overs, Galvez-Galvez would have sexual intercourse with Victim A.  Galvez-Galvez also had sexual contact with his minor daughter, Victim B.

**¶3**          The jury found Galvez-Galvez guilty of three counts of sexual conduct with a minor for the conduct involving Victim A.  The jury also found him guilty of one count of attempt to commit molestation of a child, one count of sexual abuse, and three counts of sexual conduct with a minor for the conduct involving Victim B.  The superior court imposed consecutive prison terms totaling 120 years.

**¶4**          Galvez-Galvez appeals.

## DISCUSSION

I.     THE SUPERIOR COURT DID NOT ERR BY ADMITTING OTHER-ACT EVIDENCE.

**¶5**          Galvez-Galvez first challenges the superior court's pretrial admission, under Ariz. R. Evid. ("Rule") 404(b) and (c), of fifteen statements made by Victim A referring to other acts committed by Galvez-Galvez. Galvez-Galvez contends that the superior court failed to adequately analyze the evidence as required by the rules of evidence.  We review rulings on evidence under Rule 404 for abuse of discretion.  *State v. Coghill*, 216 Ariz. 578, 582, ¶ 13 (App. 2007).  We will not overturn a conviction

---

[1]      We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

based on an erroneous evidentiary ruling if the ruling is harmless beyond a reasonable doubt. *State v. Beasley*, 205 Ariz. 334, 340, ¶ 27 (App. 2003).

**¶6** Evidence of a defendant's past acts generally may not be admitted to prove that the defendant committed similar acts on a different occasion. Rule 404(a). The superior court may, however, admit evidence of other acts to show a character trait giving rise to an aberrant sexual propensity to commit the charged offense under Rule 404(c)(1)(B), or for other purposes, such as demonstrating a plan or knowledge, under Rule 404(b). Before admitting the evidence, the court must first find that the evidence is supported by clear and convincing evidence. Rule 404(c)(1)(A); *State v. Escalante-Orozco*, 241 Ariz. 254, 278, ¶ 77 (2017); *State v. Terrazas*, 189 Ariz. 580, 582 (1997). Second, the court must find that the evidence is relevant to demonstrating a character trait prompting an aberrant sexual propensity to commit the charged offense or is relevant for other Rule 404(b) purposes. Rule 404(c)(1)(B); *Escalante-Orozco*, 241 Ariz. at 278, ¶ 77. Finally, the court must find that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. Rule 404(c)(1)(C); *Escalante-Orozco*, 241 Ariz. at ¶ 77. The court must explicitly make each of these findings to admit evidence under Rule 404(c). Rule 404(c)(1)(D).

**¶7** Here, the superior court made requisite findings for many of the fifteen statements. The court expressly found clear and convincing proof supporting all but one of the acts, for many of the acts expressly found that the evidence was relevant to show a character trait giving rise to an aberrant sexual propensity or a proper Rule 404(b) purpose, and for many of the acts expressly considered many of the factors relevant to balancing prejudice and the probative value of the evidence.

**¶8** While the court did not explicitly make all of the findings required by Rule 404(b) or 404(c) for each of the acts, consideration of the entire trial record shows that this was harmless error. *See State v. Vega*, 228 Ariz. 24, 29, ¶ 18 (App. 2011) (concluding, based on entire trial record, that the court's admission of other-act evidence without making explicit 404(c) findings was harmless error). There was clear and convincing proof of the other acts. Victim A testified to all but one of the acts that the court deemed admissible, and others' testimony corroborated her description of the family's living and sleeping arrangements.[2] Additionally, the court instructed the jury that it could only consider the acts if the state proved

---

[2] Because the victim did not testify to the remaining act, any error in the admissibility determination was harmless.

that the defendant committed them by clear and convincing evidence, and could only consider the other acts if it determined that they showed a character trait giving rise to an aberrant sexual propensity to commit the charged offenses or established one of the purposes listed in Rule 404(b). We presume that the jury followed the instructions. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006). Further, the court could reasonably have concluded that unfair prejudice did not substantially outweigh the other acts' evidentiary value. The other acts described Galvez-Galvez's sexual contact with Victim A over a period of years, thereby providing relevant evidence of his aberrant sexual propensity to commit the offenses charged and his plan or knowledge to commit the offenses.

## II. THE SUPERIOR COURT DID NOT ERR BY FAILING TO PROVIDE A VERDICT FORM FOR THE OTHER-ACT EVIDENCE.

**¶9** Galvez-Galvez next contends that the jury should have been required to use a separate verdict form to determine that the state proved the other-act evidence. He contends that absent such separate determinations, he can only speculate as to whether the jury was improperly influenced by the other-act evidence. Because he failed to object to the jury instructions at trial, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To prevail, Galvez-Galvez must establish the existence of fundamental error and resulting prejudice. *Id.* at ¶ 20.

**¶10** Galvez-Galvez does not establish error, fundamental or otherwise. He cites no authority requiring a separate verdict form for the jury's determination of proof of other acts. The court instructed the jury it could only use the other-act evidence after determining sufficient proof and discerning its proper purpose. Presuming the jury followed its instructions, we conclude the jury properly evaluated the other-act evidence. *See Newell*, 212 Ariz. at 403, ¶ 68.

## III. SUFFICIENT EVIDENCE SUPPORTS THE JURY'S VERDICT ON COUNT 3.

**¶11** Galvez-Galvez finally challenges the sufficiency of the evidence supporting his conviction for Count 3, on which the jury found Galvez-Galvez guilty of intentionally or knowingly engaging in sexual intercourse or oral sexual contact with Victim A when she was a minor and he was her stepfather. Galvez-Galvez contends that the state failed to prove he was Victim A's stepfather. We review the sufficiency of evidence de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). The question is whether

there is substantial evidence from which a rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Routhier*, 137 Ariz. 90, 99 (1983).

**¶12** In this case, sufficient evidence exists to support the jury's finding that Galvez-Galvez was Victim A's stepfather—Victim A and her mother both testified to the same.

## CONCLUSION

**¶13** We affirm Galvez-Galvez's convictions and sentences for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED: AA