NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MANUEL GAVINA, *Appellant.*

No. 1 CA-CR 24-0034
FILED 01-21-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-002129-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

---

**F U R U Y A**, Judge:

¶1        Manuel Gavina appeals his convictions and sentences for sexual abuse, arguing the superior court erred by allowing other-act evidence and the testimony of a blind expert. He also challenges the denial of his motion for acquittal and motion for a new trial. For the following reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2        Gavina taught seventh and eighth grade math at an elementary school where "Amy," "Brittany," "Charlie," "Dawn," "Eliza," "Faith," and "Gabrielle" were students in his classes between the 2017 and 2020 school years.[2] Gavina touched each student's breasts at different times when they asked for help with school work or as he talked with them about their grades.

¶3        In December 2019, Amy reported to a school nurse that Gavina had touched her breasts. After it was reported to police, detectives began an investigation. Detectives interviewed Amy and other students in Gavina's class who had been identified in interviews. They also contacted school employees to request assistance in identifying and locating students

---

[1]        On appeal, we view facts in the light most favorable to upholding the jury's verdicts, resolving all reasonable inferences against the defendant. *State v. Duncan*, 257 Ariz. 333, 339 ¶ 2 (App. 2024).

[2]        Because Gavina's convictions all involve sexual offenses committed against minors, we refer to the victims by pseudonyms. *See* Ariz. R. Crim. P. 31.10(f). The victim identified as Victim A in the indictment is referred to as "Amy"; Victim B as "Brittany"; Victim C as "Charlie"; Victim D as "Dawn"; Victim E as "Eliza"; Victim F as "Faith"; and Victim G as "Gabrielle."

who might have relevant information. And they collected written statements prepared by students.

**¶4** Gavina was ultimately charged with 14 counts of sexual abuse of minors. Counts 1 and 2 concerned Amy; Counts 3 and 4 concerned Brittany; Counts 5 and 6 concerned Charlie; Counts 7 and 8 concerned Dawn; Count 9 concerned Eliza; Counts 10 and 11 concerned Faith; and Counts 12 to 14 concerned Gabrielle.

**¶5** Following trial, a jury found Gavina guilty on all counts. Gavina then filed a motion for a new trial and a renewed motion for judgment of acquittal. The court denied Gavina's motions.

**¶6** The court sentenced Gavina to five years' imprisonment for Counts 7 and 8, to be served concurrently with each other, and five years' imprisonment for Counts 12, 13, and 14, to be served concurrently with each other but consecutive to his sentences in Counts 7 and 8. Gavina was sentenced to concurrent terms of lifetime probation on the remaining counts.

**¶7** Gavina timely appealed and we have jurisdiction under article 6, section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") § 12-120.21(A)(1), § 13-4031, and -4033(A).

## DISCUSSION

**I.    The Court Did Not Err in Allowing the State to Introduce Other-Act Evidence.**

**¶8** We review admission of other-act evidence for an abuse of discretion and will reverse the court's ruling only upon a finding of clear prejudice. *State v. Rix*, 256 Ariz. 125, 131 ¶ 17 (App. 2023) (citations omitted). "An 'abuse of discretion' is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State v. Shortman*, 254 Ariz. 338, 341 ¶ 11 (App. 2022) (cleaned up).

**¶9** Here, the State moved to admit evidence that five students, other than victims, saw—and some also reported—Gavina touching their own breasts or the breasts of other female students. In support of its motion, the State submitted written statements and forensic interviews of the victims and other-act witnesses to the court. Following a hearing, the court granted the State's motion, finding the testimony of four students admissible as other-act evidence.

¶10        Generally, Rule 404(b) prohibits the admission of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith" but the rule allows admission of such evidence as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b).

¶11        Further, in cases involving sexual offense charges, Rule 404(c) allows courts to admit evidence of "other crimes, wrongs, or acts . . . if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." *Id.* Before admitting evidence under Rule 404(c), the court must find:

> (A) The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.
>
> (B) The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.
>
> (C) The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403.

Ariz. R. Evid. 404(c)(1)(A)–(C); *Rix*, 256 Ariz. at 132 ¶ 18. The court must find the first element—that the defendant committed the other acts—is supported by clear and convincing evidence. *See State v. Goudeau*, 239 Ariz. 421, 444 ¶ 59 (2016). And under either Rule 404(b) or Rule 404(c), the court must give the jury an appropriate limiting instruction if the defendant so requests. *State v. Yonkman*, 233 Ariz. 369, 373 ¶ 11 (App. 2013). Gavina did not request a limiting instruction.

¶12        On appeal, Gavina argues the court erred in allowing the State to introduce the other-act evidence. He asserts there was insufficient evidence to support a finding that he intentionally committed the other acts or that he had an aberrant sexual propensity to commit the charged offenses. He further argues the evidence was unfairly prejudicial. We disagree.

¶13        Gavina stated that his touching his female students' breasts was unknowing, inadvertent, and accidental. The other-act evidence offered by the State concerned many more victims and occurrences than what the charges entailed. Further, the other-act evidence showed Gavina

touched these other students' breasts in a strikingly similar way to the conduct charged. Thus, the evidence was relevant to show Gavina intentionally and knowingly touched his female students' breasts, and that the charged conduct was neither a mistake nor an accident. Given Gavina's testimony, it was not error for the State to present—or the court to admit—other-act evidence under 404(b) to confront issues he himself raised.

¶14        Moreover, the other-act evidence was also admissible under 404(c). First, the record contains sufficient evidence to establish that it was highly probable Gavina committed the other acts. *See State v. Moody*, 208 Ariz. 424, 465 ¶ 186 (2004) ("the 'clear and convincing' and 'highly probable' standards [are] interchangeable."). In written statements and forensic interviews, the victims and other-act witnesses described how Gavina engaged in inappropriate touching of students' breasts. Those statements are sufficient to support a finding that Gavina committed the other acts. *See State v. Herrera*, 232 Ariz. 536, 546 ¶ 26 (App. 2013) (finding the court did not abuse its discretion in finding victim's testimony "was sufficient to allow the jury to find [defendant] had committed the" other acts); *State v. Vega*, 228 Ariz. 24, 29 ¶ 19 (App. 2011), *as amended* (Nov. 9, 2011) (finding victim's testimony satisfied the clear-and-convincing requirement of Rule 404(c)).

¶15        Gavina counters that the other-act witnesses' statements lack specific details, such as time or place, to satisfy the clear and convincing evidence standard. But the other-act evidence identified the school years when Gavina touched his female students' breasts and that those acts occurred at the school, establishing both time and place adequately for the other-act evidence's purposes. And in any event, the evidence need only provide enough proof that the other acts occurred, not establish their temporal or spatial particulars. *Cf. Herrera*, 232 Ariz. at 548 ¶ 26 (finding the testimony provided sufficient proof that the other acts occurred even though the victim was unable to specify the time of the first incident). We conclude the statements were sufficient to support the court's finding that the occurrence of the other acts was established by clear and convincing evidence.

¶16        Second, the other-act evidence leads to a reasonable inference that Gavina has an aberrant sexual propensity to commit the charged offenses. As noted, the other-act evidence is largely identical to the charged conduct. The victims and other-act evidence witnesses testified that Gavina repeatedly touched the breasts of multiple of his seventh and eighth grade female students, under the pretext of helping them with their classwork or discussing their grades. Based on this evidence, a jury could reasonably

conclude that Gavina had an aberrant sexual propensity to touch the breasts of minors under 15 for his own sexual gratification. *See State v. LaBianca*, 254 Ariz. 206, 211 ¶ 16 (App. 2022) (explaining the court must find a defendant's commission of other acts "provides a reasonable basis to infer" that the defendant has the character trait).

**¶17** Third, the other-act evidence was not unfairly prejudicial. Other-act evidence "may be excluded if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice." *State v. Scott*, 243 Ariz. 183, 187 ¶ 14 (App. 2017) (internal quotation omitted); *see also* Ariz. R. Evid. 403, 404(c)(1)(C). "Unfair prejudice means an undue tendency to suggest decision on an improper basis . . . such as emotion, sympathy or horror." *State v. Riley*, 248 Ariz. 154, 177 ¶ 70 (2020) (quoting *State v. Schurz*, 176 Ariz. 46, 52 (1993)).

**¶18** Here, the other-act evidence is nearly identical to the charged conduct. Thus, it cannot be regarded as inviting improper grounds for fact finding. Further, the other acts occurred contemporaneously with the charged conduct, since the other-act witnesses were in classes with the victims. Given the totality of the circumstances, the court did not err in finding that the probative value of the other-act evidence was not substantially outweighed by danger of unfair prejudice.

**¶19** Therefore, the court did not abuse its discretion in allowing the State to introduce the other-act evidence under both 404(b) and (c).

## II. The Court Did Not Err in Allowing the State to Offer the Testimony of a Blind Expert.

**¶20** During trial, the State called a forensic interviewer as a blind expert to testify about the "general behavioral characteristics of child sexual abuse victims." Gavina argues the court erred in allowing the testimony of the blind expert because it was unfairly prejudicial. Specifically, Gavina argues the expert's testimony would allow the jury "to infer more sinister behavior by [Gavina] that was neither charged nor proven in court."

**¶21** Because Gavina did not object to the blind expert's testimony during the trial, we review this issue only for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018). To be fundamental, a defendant must establish that the error "(1) went to the foundation of the case, (2) took from the defendant a right essential to his defense, *or* (3) was so egregious that he could not possibly have received a fair trial." *Id.* at 142 ¶ 21. The first two prongs, if found, also require a finding of prejudice. *Id.* Prejudice requires a defendant to show "that without the error, a reasonable

6

jury could have plausibly and intelligently returned a different verdict." *Id.* at 144 ¶ 31. The prejudice standard is not "easily satisfied" and "necessarily excludes imaginative guess work." *Id.* "The defendant bears the burden of persuasion at each step." *Id.* at 142 ¶ 21.

**¶22**        Expert witness testimony may be admitted upon showing compliance with the conditions specified in Arizona Rule of Evidence 702. That rule does not bar admission of "cold" or "blind" expert testimony. *State v. Salazar-Mercado*, 234 Ariz. 590, 592 ¶ 6 (2014). But "a trial court may exclude otherwise admissible evidence if its probative value is substantially outweighed by a danger" of unfair prejudice. *Id.* at 594 ¶ 13; *see also* Ariz. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

**¶23**        Here, the blind expert discussed the "process of victimization" and "five stages in this process . . . that can occur before a child gets assaulted, and then what happens after the child is assaulted." Nothing about this testimony would lead a jury to make a "decision on an improper basis . . . such as emotion, sympathy or horror." *Riley*, 248 Ariz. at 177 ¶ 70.

**¶24**        Even had we found that admission of this testimony was in error, which we do not, Gavina cannot demonstrate the necessary prejudice. *Escalante*, 245 Ariz. at 142 ¶ 21. The court instructed the jury that Gavina was presumed innocent and that the State must prove his guilt beyond a reasonable doubt. It also instructed the jury that it was not bound by an expert's testimony and was free to accept or reject it, in whole or in part. Further, the court instructed the jury that it must not be influenced by sympathy or prejudice. We presume the jurors follow their instructions. *State v. Strong*, 130 Ariz. Cases Dig. 29, 60 ¶ 144 (2024). Gavina failed to show any fundamental, prejudicial error.

### III.    Substantial Evidence Supports Gavina's Convictions.

**¶25**        We review denial of a motion for judgment of acquittal de novo, "viewing the evidence in a light most favorable to sustaining the verdict." *State v. Allen*, 253 Ariz. 306, 335 ¶ 69 (2022) (internal quotation omitted). "After the close of evidence . . . the court must enter a judgment of acquittal on any offense charged in an indictment . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). "Substantial evidence is more than a mere scintilla and is such proof that

reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Allen*, 253 Ariz. at 335 ¶ 70 (internal quotation omitted). In reviewing the sufficiency of the evidence "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562 ¶ 16 (2011). We "do not reweigh the evidence to decide if [we] would reach the same conclusions as the trier of fact." *State v. Dodd*, 244 Ariz. 182, 185 ¶ 8 (App. 2017) (internal quotation omitted).

**¶26** Sufficiency of the evidence is tested "against the statutorily required elements of the offense." *Dodd*, 244 Ariz. at 185 ¶ 8 (internal citation omitted). "A person commits sexual abuse by intentionally or knowingly engaging in sexual contact . . . with any person who is under fifteen years of age if the sexual contact involves only the female breast." A.R.S. § 13-1404(A). "'Sexual contact' . . . [m]eans any direct or indirect touching, fondling or manipulating any part of the . . . female breast by any part of the body." A.R.S. § 13-1401(3)(a). It is undisputed that the victims were all younger than 15 years of age when Gavina sexually abused them.

**¶27** All the victims testified that Gavina touched their breasts multiple times while they were in his class. Amy and Faith both testified Gavina placed his hand on their breasts and "move[d] it around in like a circular motion." Charlie testified Gavina placed his hand on her shoulder and "move[d] his hand toward [her] breasts and start rubbing on [her] breasts," and this occurred multiple times when she was in seventh and eighth grade. And other victims also described how he touched their breasts with his hand or his elbow multiple times while helping them with schoolwork or discussing their grades. The sheer number of victims and occurrences, establishes substantial evidence that Gavina knowingly touched his female students' breasts.

**¶28** Gavina argues insufficient evidence supports his convictions, specifically as to count 9, because "the record lacks the specific detail from the testimony that show precisely where and how the victims were touched." To support this argument Gavina highlights Eliza's testimony to the effect that he touched her "above" her breast. During trial, Eliza said Gavina touched her above her breasts, but she also later clarified Gavina touched the top of her breasts. And, as the court found, the distinction of whether Gavina touched Eliza's breast or the area above her breast was ultimately a question for the jury to resolve. *See Dodd*, 244 Ariz. at 185 ¶ 8 (internal citation omitted) (we will "not reweigh the evidence to decide if

[we] would reach the same conclusions as the trier of fact"). We discern no error.

**¶29** Because substantial evidence supports Gavina's convictions, the court did not abuse its discretion in denying Gavina's motion for a new trial. *See State v. Fischer*, 242 Ariz. 44, 48 ¶ 10 (2017) (we review the denial of a motion for new trial for an abuse of discretion.).

**CONCLUSION**

**¶30** We affirm Gavina's convictions and sentences.[3]



AMY M. WOOD • Clerk of the Court
FILED:
JR

---

[3] Gavina does not raise any issues challenging his sentences and no error regarding them is apparent from our review of the record.